UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| ISAAC LEE | CIVIL ACTION |
| VERSUS | NO. 06-1755 |
| MARLIN GUSMAN | SECTION "J" (3) |

## REPORT AND RECOMMENDATION

Plaintiff, Isaac Lee, a state prisoner, filed this *pro se* and *in forma pauperis* civil action pursuant to 42 U.S.C. § 1983 against Orleans Parish Criminal Sheriff Marlin Gusman and Dr. Inglese, the Medical Director of the Orleans Parish Prison system. In the complaint, plaintiff alleges that he received inadequate medical care while incarcerated within the Orleans Parish Prison system. As relief, he seeks monetary damages.

Sheriff Gusman filed a motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6).[1] However, because Gusman had also filed an answer,[2] the Court notified the parties that the motion would be construed as a motion for judgment on the pleadings pursuant to Fed.R.Civ.P. 12(c).[3] See Jones v.

---

[1] Rec. Doc. 9.

[2] Rec. Doc. 8.

[3] Rec. Doc. 10.

Greninger, 188 F.3d 322, 324 (5th Cir. 1999). Plaintiff was ordered to file a memorandum in opposition to the motion,[4] but he has failed to do so.

The United States Fifth Circuit Court of Appeals has held:

> The standard for dismissal under Rule 12(c) is the same as that for dismissal for failure to state a claim under Rule 12(b)(6). We accept the complaint's well-pleaded facts as true and view them in the light most favorable to plaintiff. The motion to dismiss should not be granted unless the plaintiff would not be entitled to relief under any set of facts that he could prove consistent with the complaint.

Johnson v. Johnson, 385 F.3d 503, 529 (5th Cir. 2004). "Pleadings should be construed liberally, and judgment on the pleadings is appropriate only if there are no disputed issues of material fact and only questions of law remain." Brittan Communications Intern. Corp. v. Southwestern Bell Telephone Co., 313 F.3d 899, 904 (5th Cir. 2002).

In the complaint, plaintiff stated only:

> I was arrested on th 8/23/01 shortly there after, I went to the prison doctor complaining of pain in my uper body and eyes pain doctor Inglese told me that I would need to see a specialist because he don't understand why I can't stand up on my two feet. But I never seen a specialist as up to this 3/13/06.

Because of the brevity of that statement of the claim, a Spears hearing was conducted on May 22, 2006, to allow plaintiff a meaningful opportunity to advise the Court of the nature and factual basis of his claims. See Spears v. McCotter, 766 F.2d 179 (5th Cir. 1985).[5] At that hearing,

---

[4] Rec. Doc. 10.

[5] "[T]he Spears procedure affords the plaintiff an opportunity to verbalize his complaints, in a manner of communication more comfortable to many prisoners." Davis v. Scott, 157 F.3d 1003, 1005-06 (5th Cir. 1998). The United States Fifth Circuit Court of Appeals has observed that a Spears hearing is in the nature of a Fed.R.Civ.P. 12(e) motion for more definite statement. Eason v. Holt, 73 F.3d 600, 602 (5th Cir. 1996). Spears hearing testimony becomes a part of the total filing by the *pro se* applicant. Id.

plaintiff was sworn and his testimony was recorded.  Plaintiff testified that he was transferred from the Orleans Parish Prison system to the Elayn Hunt Correctional Center, which is in St. Gabriel, Louisiana, in February 2005.

In his motion, Gusman argues that because plaintiff waited more than one year to file his claim, it is prescribed.  Gusman is correct that a one-year prescriptive period applies.  "[F]or a § 1983 action, the court looks to the forum state's personal-injury limitations period.  In Louisiana, that period is one year."  Jacobsen v. Osborne, 133 F.3d 315, 319 (5th Cir. 1998) (citation omitted); La. Civ. Code Ann. art. 3492.  Moreover, even if plaintiff's claim, which alleges that he was not given appropriate medical care and was not sent to a specialist while incarcerated within the Orleans Parish Prison system, is interpreted as complaining about a continuing wrong, the statute of limitations with respect to the claim commenced no later than when he was transferred from the Orleans Parish Prison system in February 2005.  See Neel v. Rehberg, 577 F.2d 262, 263-64 (5th Cir. 1978); Brown v. Foti, Civil Action No. 92-2728, 1993 WL 149858, at *3 n.27 (E.D. La. April 30, 1993).  Because this lawsuit cannot be considered to have been filed any earlier than March 13, 2006, the date the complaint was signed,[6] it was clearly filed after the expiration of the one-year statute of limitations.[7]

---

[6] A *pro se* complaint is considered to have been "filed" when the inmate presented it to prison officials for mailing.  See Cooper v. Brookshire, 70 F.3d 377, 379-80 (5th Cir. 1995).  This Court will consider plaintiff's complaint to have been filed on the date it was signed, because that is the earliest date the complaint could have been given to prison officials.

[7] At the Spears hearing, plaintiff stated that his claim stems from a beating he suffered at the hands of Captain Brown, an official who works within the Orleans Parish Prison system.  However, Brown was not named as a defendant in this lawsuit.  Additionally, it would be futile to allow plaintiff to amend his complaint to add a claim against Brown for at least two reasons.  First, because the incident took place before plaintiff's transfer in February 2005, the claim against Brown

<u>Dr. Inglese</u>

Dr. Inglese did not join in the motion for judgment on the pleadings.  Nevertheless, the Court has the authority to dismiss frivolous claims *sua sponte* pursuant to 28 U.S.C. §§ 1915(e)(2)(B)[8] and 1915A.[9]  Because the claim against Dr. Inglese is likewise prescribed, it should be dismissed as frivolous.  <u>Gonzales v. Wyatt</u>, 157 F.3d 1016, 1019-20 (5th Cir. 1993); <u>Moore v. McDonald</u>, 30 F.3d 616, 620 (5th 1994).

---

would also be prescribed.  Second, plaintiff testified that he never filed an administrative grievance against Brown.  Accordingly, a claim against Brown would be barred based on the Prison Litigation Reform Act's mandatory requirement that a prisoner exhaust his administrative remedies before filing a federal lawsuit.  42 U.S.C. § 1997e(a); <u>see</u> <u>Porter v. Nussle</u>, 534 U.S. 516, 524 (2002).

[8]   Section 1915(e)(2)(B), which applies to actions filed *in forma pauperis*, provides:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that ... the action or appeal –
> (i) is frivolous or malicious;
> (ii) fails to state a claim on which relief may be granted; or
> (iii) seeks monetary damages against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B).

[9]   Section 1915A mandates that this Court "review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a).  Regarding such lawsuits, federal law further requires:

> On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint –
>
> (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b).

**RECOMMENDATION**

It is therefore **RECOMMENDED** that Sheriff Marlin Gusman's motion for judgment on the pleadings be **GRANTED** and that the claims against the that defendant be **DISMISSED WITH PREJUDICE**.

It is **FURTHER RECOMMENDED** that the claim against Dr. Inglese be **DISMISSED WITH PREJUDICE** pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within ten (10) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

New Orleans, Louisiana, this    26th    day of May, 2006.

*[signature]*

**DANIEL E. KNOWLES, III**
**UNITED STATES MAGISTRATE JUDGE**